**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN KOHUTE,<br>Petitioner,<br>v.<br>CITY OF TYLER POLICE DEPARTMENT, ETC.,<br>Respondents. | No. CV 26-9908-SRM(E)<br><br>ORDER OF DISMISSAL |

Petitioner, a state prisoner incarcerated in Tyler, Texas,[1] commenced this action on August 17, 2026, by filing a document erroneously styled "Petition for Writ of Habeas Corpus by a Person in Federal Custody" (emphasis added).

Writs of habeas corpus may be granted by the United States District Courts "within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241(a) requires that "the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1972). This rule ensures that the custodian will be amenable to service of process. Id.; *see also, Dunne v. Henman*, 875 F.2d 244, 248 (9th Cir. 1989).

---

[1] In a prior action, *Kohute v. Orange College, et al.*, CV 26-1473-SRM (E), Petitioner conceded that he is serving a sentence for a conviction sustained in a Texas state court.

For this purpose, a prisoner's "custodian" generally is the warden of the particular facility in which the prisoner is incarcerated. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Thus, Petitioner's custodian is located in Texas, and this Court lacks jurisdiction to grant habeas relief. Accordingly, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 13, 2026.

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

PRESENTED this 10th day
of September, 2026, by:

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE